UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL GARCIA-LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>PEOPLE,<br><br>    Defendant. | Case No. 24-cv-02253-SVK<br><br>**ORDER TO SHOW CAUSE** |

**INTRODUCTION**

Petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction.[1] He has paid the filing fee. For the reasons stated below, respondent is ordered to show cause why the petition should not be granted.

**DISCUSSION**

A. <u>Background</u>

Petitioner was sentenced in the Superior Court of California for the County of Alameda to a term of fifty years to life in state prison for committing first degree murder, in violation of California Penal Code § 187. (ECF No. 1 at 1-2.) In 2022, the California Court of Appeal affirmed the judgment, and the California Supreme Court denied petitioner's request for direct review. (*Id.* at 3.) Petitioner did not file a habeas petition in the state court. (*Id.* at 4.) Petitioner filed the instant federal habeas petition, which he dated April 7, 2024. (*Id.* at 6.)

B. <u>Standard of review</u>

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in

---

[1] Petitioner has consented to the jurisdiction of a magistrate judge. (ECF No. 4.)

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

C. <u>Petitioner's claims</u>

The Petition, when liberally construed, makes the following claims:

(1) police officers tampered with evidence by dissuading witnesses from testifying, in violation of petitioner's right to due process;[2]

(2) he received ineffective assistance of counsel at trial, in violation of the Sixth Amendment[3];

(3) the prosecutor committed misconduct by violating an agreement regarding motions in limine, presenting inflammatory evidence, and indicating their emotional attachment to the case, in violation of petitioner's right to due process;

(4) clothing used as evidence was not adequately tested, in violation of petitioner's right to due process;

(5) detectives lead witnesses by only showing them clothing that benefited the prosecution's case, in violation of petitioner's right to due process;

(6) the trial judge was biased against petitioner, as evidence by the judge's remarks during the re-sentencing hearing, in violation of petitioner's right to due process;

(7) jurors committed misconduct by "breaking down" and sleeping during trial, in violation of petitioner's right to due process.

(ECF No. 1 at 5, 7.) When liberally construed, the foregoing claims present cognizable claims for the violation of petitioner's constitutional rights. Accordingly, respondent is ordered to respond to

---

[2] This claim is repeated twice in the Petition, as both "Ground One" and "Ground Eight." (ECF No. 1 at 5, 7.)
[3] This claim lists the 14th Amendment, but it is the Sixth Amendment right to counsel that is implicated when trial counsel provides ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984).

2

the Petition.

## CONCLUSION

1. The Clerk shall serve electronically a copy of this order and a magistrate judge consent form upon the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The Petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on petitioner. Respondent shall file his Magistrate Judge jurisdiction consent form no later than **June 5, 2024**.

2. Respondent shall file with the Court and serve on petitioner, on or before **August 5, 2024**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on respondent on or before **September 5, 2024**.

3. Respondent may, on or before **August 5, 2024**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, Petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition on or before **September 5, 2024,** and respondent shall file with the Court and serve on Petitioner a reply on or before **September 19, 2024**.

///

///

///

///

///

///

///

4.  It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 8, 2024

_____
Susan van Keulen
United States Magistrate Judge